**Don W. STEPHENS, Commissioner of Insurance of the Commonwealth of Kentucky, in his capacity as Liquidator of Delta America Re Insurance Company, Plaintiff–Appellee,**

v.

**NATIONAL DISTILLERS AND CHEMICAL CORPORATION, a Foreign Corporation, now known as Quantum Chemical Corporation, Defendant–Appellant,**

Robert Edward Norton, an individual, John Francis Salisbury, Hugh C. Brewer, III, an individual, Richard F. Maynes, an individual, Terrence J. Reilly, an individual, Ramsey E. Joslin, an individual, Roger W. Hill, Jr., an individual, John C. Aldin, an individual, F. Donald Brigham, an individual, Thomas W. Bullitt, an individual, Leonard Briggs Marshall, an individual, Arion Insurance Company, Ltd., a Foreign Corp., Atlantica CIA National De Seguros, a Foreign Corporation, Banco De Seguros Del Estado, a Foreign Corporation, Brasil Compania De Seguros, a Foreign Corporation, Caisse Mutuelle D'Assurances Et De Prevoyance, a Foreign Corporation, Ca De Seguros Orinoco, a Foreign Corporation, CaJa National De Ahorro Y Seguro, a Foreign Corporation, Canadian Union Insurance Company, a Foreign Corporation, Central Reinsurance Corporation, a Foreign Corporation, China Insurance Company, Ltd., also known as Chung Kuo Insurance, a Foreign Corporation, Chiyoda Fire & Marine Insurance Co. Ltd., a Foreign Corporation, Chung Kuo Insurance Company, a Foreign Corporation, CIA Internacional De Seguros, a Foreign Corporation, Compagnia De Assicurazioni Di Milano, a Foreign Corporation, C.A. Reaseguradora Internacional Del Orinoco, a Foreign Corporation, Compania Bandeirante De Seguros Gerais, a Foreign Corporation, Folksamerica Reinsurance Company, a Foreign Corporation, Fuji Fire & Marine Insurance Co. Ltd., a Foreign Corporation, Grupo De Empresas Seguradoras Brasileiras, a Foreign Corporation, Hassneh Insurance Co. of Israel, Ltd., a Foreign Corporation, Insurance Company of the USSR, Ltd. (Ingosstrakh, SSR, Upravienie), a Foreign Corporation, Instituto De Resseguros Do Brazil, a Foreign Corporation, Korean Reinsurance Corporation, a Foreign Corporation, Kyoei Mutual Fire & Marine Insurance Company, Ltd., a Foreign Corporation, La Providence I.A.R.D. Groupe Presence, a Foreign Corporation, Mingtai Fire & Marine Insurance Co., Ltd., a Foreign Corporation, Messoghios Insurance Co. S.A., a Foreign Corporation, Nippon Fire & Marine Insurance Company, Ltd., a Foreign Corporation, Overseas Union Insurance Limited, a Foreign Corporation, Owens Insurance, Ltd., a Foreign Corporation, Pan Korea Insurance Company, a Foreign Corporation, Pohjola Insurance Company, Ltd., a Foreign Corporation, Provident Assur-

ance Co., a Foreign Corporation, Ruhag Ruekver Herold Ruckverschening, A.G., a Foreign Corporation, Seguros La Provincial, S.A., a Foreign Corporation, Simcoe & Erie General Insurance Company, a Foreign Corporation, SNL Insurance, Ltd., a Foreign Corporation, Transport Industries Insurance Co., Ltd., a Foreign Corporation, Toyo Fire & Marine Insurance Co., Ltd., a Foreign Corporation, Defendants.

No. 1703, Docket 93–7182.

United States Court of Appeals, Second Circuit.

Argued June 14, 1993.

Decided Nov. 17, 1995.

Questions Certified Sept. 17, 1993.

Certified Questions Answered Oct. 19, 1995.

W. Henry Jernigan, Jr., Lexington, Kentucky (Jacqueline S. Duncan, Jackson & Kelly, Lexington, Kentucky, William F. Costigan, Costigan & Berns, New York City, on the brief), for Plaintiff–Appellee.

Joseph P. Dailey, New York City (Richard W. Iler, Wyatt, Tarrant & Combs, Louisville, Kentucky, Loren F. Selznick, Maria D. Melendez, Breed, Abbott & Morgan, New York City, on the brief), for Defendant–Appellant.

Before: KEARSE and MINER, Circuit Judges.*

PER CURIAM:

Defendant National Distillers & Chemical Corporation, now known as Quantum Chemical Corporation ("Quantum"), appeals from a final judgment entered in the United States District Court for the Southern District of New York pursuant to Fed.R.Civ.P. 54(b), John S. Martin, Jr., *Judge,* ordering Quantum to pay plaintiff Don W. Stephens, as Liquidator of Quantum's wholly-owned subsidiary Delta America Re Insurance Company ("Delta"), $12,293,161, plus interest, as reimbursement for dividends paid to Quantum by Delta during a period in which Delta was in fact insolvent. At the time the dividends were paid, Delta's insolvency had not been discovered, primarily because of the difficulty of calculating and monitoring the accuracy of loss reserves established by insurance companies. For purposes of the motion leading to the decision appealed here, the parties stipulated that while Delta's estimates of its reserves were in error, the errors were made in good faith. In entering judgment in favor of the Liquidator, the district court adopted a decision of the Franklin County, Kentucky, Circuit Court in an earlier phase of this case, which had ruled that Delta's actual insolvency was dispositive. The district court thus held that, notwithstanding the good faith of the insurer and the

---

* Honorable George C. Pratt, originally a member of the panel, resigned from the bench on January 31, 1995. This appeal is being decided by the remaining members of the panel pursuant to Local Rule 0.14.

shareholder in, respectively, paying and receiving dividends without knowledge of the insurer's insolvency, the insurer's actual insolvency "renders [the dividends] illegal under Kentucky law and subject to repayment." *Stephens v. American Home Assurance Co.*, 811 F.Supp. 937, 957 (S.D.N.Y.1993). The judgment of the district court was based on this interpretation of Kentucky law.

The fundamental issues on this appeal are whether the fact of Delta's insolvency, even if in good faith unknown at the time the pertinent dividends were paid, rendered the dividends unlawful under Kentucky law; and, if so, whether notwithstanding Quantum's good faith and lack of knowledge of Delta's insolvency, Kentucky law requires that Quantum repay the dividends. In *Stephens v. National Distillers & Chemical Corp.*, 6 F.3d 63 (2d Cir.1993), familiarity with which is assumed, we certified the following questions to the Supreme Court of the Commonwealth of Kentucky pursuant to Kentucky Rule of Civil Procedure 76.37:

> 1. In determining whether dividends of a reinsurance corporation were properly paid under Kentucky law, can information received by the corporation after the date of payment be used to retroactively determine its financial condition at the time of payment?
>
> 2. If the answer to question 1 is "yes", are shareholders of the reinsurance company directly liable for return of dividends paid during a period when the corporation was in fact insolvent, but the dividends were received in good faith?

The Kentucky Supreme Court accepted the certification and answered the first question in the negative, stating that it need not reach the merits of the second question. *See National Distillers & Chemical Corp. v. Stephens*, 912 S.W.2d 30 (Ky.1995). That Court held "the lawfulness of dividend distribution is to be determined at the time of payment," and not "at some time later when additional financial information begins to surface." *Id.* at 32. The Court stated that so long as a reinsurance corporation follows generally accepted accounting principles, statutory accounting principles, and the requirements of the Kentucky Insurance Code, "retroactive

evaluations play no role in ascertaining the legitimacy of any foregone dividend payments." *Id.*

In light of this authoritative interpretation of Kentucky law, which is contrary to the conclusion reached by the district court in the present action, the judgment of the district court is vacated, and the matter is remanded for such further proceedings as may be appropriate.

No costs.